OPINION
Petitioner-appellant Melissa Jane Hinkle [hereinafter appellant] appeals from the June 7, 2000, Judgment Entry of the Domestic Relations Division of the Ashland County Court of Common Pleas. Petitioner-appellee is Scott Charles Hinkle [hereinafter appellee].
 STATEMENT OF THE FACTS AND CASE
Appellant and appellee were married on November 25, 1994. One child, Chandler Ross Hinkle, d.o.b. August 22, 1995, was born of the marriage. The parties' marriage was dissolved on June 27, 1997, by a Journal Entry/Dissolution of Marriage Decree. The Decree included a shared parenting plan in which the child was with each parent for alternating weeks. Subsequently, on May 21, 1999, appellee filed a Motion to Terminate the Shared Parenting Plan. In his motion, appellee requested that he be named residential parent of the minor child. Thereafter, on July 15, 1999, appellee filed a Motion for Contempt, which alleged that appellant had "willfully and deliberately denied him [appellee] his companionship rights with regard to the . . . minor child." Appellee's Motion for Contempt. Thereafter, on October 22, 1999, appellant filed a Motion to Modify the Allocation of Parental Rights and Responsibilities. Appellant requested that she be designated residential parent of the parties' minor child and that appellee not be entitled to companionship with the child. The motions of appellant and appellee were heard before a Magistrate on February 17, 2000. On April 13, 2000, the Magistrate issued a Decision in which it was recommended that the shared parenting plan be terminated and that appellee be designated the residential parent. On April 27, 2000, appellant filed timely Objections to the Magistrate's Decision. In a Judgment Entry filed June 7, 2000, the trial court overruled appellant's Objections. It is from the June 7, 2000, Judgment Entry that appellant appeals, raising the following assignment of error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT MAKING AN INDEPENDENT ANALYSIS OF THE EVIDENCE AND OBJECTIONS AS REQUIRED BY OHIO RULE OF CIVIL PROCEDURE 53(E)(4)(b).
In the first assignment of error, appellant argues that the "trial court did not rule on Appellant's objections [to the Magistrate's Decision] and did not rule on the admissibility of medical reports. . . . "[t]he judge is to rule upon, not just consider any objections." Appellant's Merit Brief. Civil Rule 53(E)(4)(b) states that, upon the timely filing of objections to a Magistrate's Decision, the "Court shall rule on any objections." See Dorton v. Dorton (May 22, 2000), Delaware App. No. 99CAF11061, unreported, 2000 WL 699666. In Inman v. Inman (1995), 101 Ohio App.3d 115, 118, the Second Appellate Court wrote that "the trial court's judgment entry need not address specific objections and that nothing in Civ.R. 53 prohibits the court from adopting the referee's findings in their entirety." Further, Civ.R. 53 does not require a trial court to include its analysis in its judgment entry ruling upon the objections. Civ.R. 53(E)(4)(b); Inman, supra. (citing Nat'l Mortgage Co. v. Brown (May 11, 1993), Franklin App. No. 92AP-847, unreported, 1993 WL 169083). In the case sub judice, the trial court's Judgment Entry stated that the matter was before the court upon objection to the Magistrate's Decision. The trial court stated that it had reviewed the testimony, evidence and exhibits, including the transcript of the proceedings before the Magistrate. After a general recitation of the trial court's conclusions regarding two of the witnesses and the Guardian Ad Litem, the trial court stated "the attached Magistrate's Decision of April 13, 2000, is incorporated herein, and is hereby adopted as the order of this court, and the objection filed April 27, 2000, is hereby OVERRULED in its entirety." The Judgment Entry indicates that, after reviewing the record before it, the trial court ruled on appellant's Objections. While the trial court did not provide significant analysis as to each objection, it plainly stated that all of the objections were overruled. Therefore, we find that the trial court complied with Civ.R. 53(E)(4). Appellant's sole assignment of error is overruled.
The judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is affirmed.
 ______________ Edwards, P.J.
Farmer, J. and Wise, J. concurs.